Nos. 14-1139, 14-1142, and 14-1144

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT
_____

**ARIOSA DIAGNOSTICS, INC., NATERA, INC., and VERINATA HEALTH, INC.,**
*Plaintiffs-Appellees,*
**and**
**DNA DIAGNOSTICS CENTER, INC.,**
*Counterclaim Defendant-Appellee*
*and*
**THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,**
*Plaintiff,*
v.
**SEQUENOM, INC. and SEQUENOM CENTER FOR MOLECULAR MEDICINE, LLC**
*Defendants-Appellants*
**and**
**ISIS INNOVATION LIMITED,**
*Defendant.*
_____

Appeals from the United States District Court for the Northern District of California, Judge Susan Illston
_____

## APPELLANT SEQUENOM'S OPPOSITION TO APPELLEES' MOTION FOR 60-DAY EXTENSION TO FILE OPPOSITION BRIEF
_____

MICHAEL J. MALECEK
PETER E. ROOT
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, California 94306
Tel. (650) 319-4500
*Attorneys for Defendants-Appellants*

February 10, 2014

## **SEQUENOM'S OPPOSITION TO MOTION FOR 60-DAY EXTENSION TO FILE APPELLEES' BRIEF.**

This Court's standard direction to parties seeking to advance their appeals to a decision as quickly as possible is to "significantly self-expedite the case by filing its briefs early."  *See, e.g., Medeva Pharma Suisse A.G. v. Par Pharmaceutical, Inc.*, 430 Fed. Appx. 878, 880 (Fed. Cir. 2011) ("Par may of course significantly self-expedite the case by filing its briefs early.  Medeva should not anticipate any extensions of time to file its brief.").  Appellant Sequenom, Inc. self-expedited by filing its Consolidated Opening Brief thirty-one days early.  Filing its brief after only 29 days is but one of several self-expediting steps Sequenom has taken in these appeals: Sequenom filed its Notice of Appeal twelve days (instead of the thirty days allowed) after the District Court's entry of final judgments; Sequenom then promptly moved this Court to consolidate these appeals and for permission to file a single consolidated brief; and, less than a month after the Court's Scheduling Order, Sequenom filed its Consolidated Opening Brief.  Sequenom has also self-expedited its opposition to this motion.

To counteract Sequenom's self-expediting efforts, and to put the brakes on these appeals, the Appellees want not only to deprive Sequenom of the 31 days it gained by filing early, but also to delay the Court's work for still another month by extending the Appellees' time to file their opposition brief by a total of sixty days beyond the normal 40-day period.  There is no good cause for this 100-day filing

window.  The Court should deny the Motion, and direct the Appellees to file their brief as provided by Federal Circuit Rule 31(a)(2).

### 1. The Appellees Should Not Be Allowed To Derail Sequenom's 31-Day "Self-Expediting" Of Its Brief And These Appeals.

This Court has many times provided the same advice to parties who want to move their appeals forward more quickly than the deadlines set forth in the Federal Rules of Appellate Procedure and this Court's own Rules.  As the Court explained in *Hallmark-Phoenix 3, LLC v. United States*, 429 Fed. Appx. 983, 984 (Fed. Cir. 2011), a party which "expedited the filing of its opening brief" has "take[n] advantage of the easiest way to expedite proceedings."

Similarly, in response to motions to expedite the briefing schedule, this Court's answer invariably is to significantly self-expedite the case by filing your opening brief early, and thereby remove from the other side any anticipation of receiving an extension for their opposition brief.  *See Medeva*, 430 Fed. Appx. at 880 ("Par may of course significantly self-expedite the case by filing its briefs early.  Medeva should not anticipate any extensions of time to file its brief."); *Cephalon, Inc. v. Watson Pharmaceuticals, Inc.,* 422 Fed. Appx. 893, 893 (Fed. Cir. 2011) ("Watson may of course significantly self-expedite the case by filing their briefs early. . . .  Cephalon should not anticipate any extensions of time to file its brief."); *Broadcom Corp. v. Qualcomm Inc.,* 2009 WL 2424407 at *1 (Fed. Cir. Jan 30, 2009) ("Qualcomm may, of course, self-expedite the case by filing its own

briefs early.  The parties should not anticipate receiving extensions of time to file their briefs.").  Indeed, in a previous related appeal in these cases, *see Aria Diagnostics, Inc. v.  Sequenom Inc.*, 726 F.3d 1296 (Fed. Cir. 2013), this Court advised that "Sequenom may, of course, self-expedite the case by filing its own briefs early."  Order dated July 24, 2012.

Taking this advice to heart in these consolidated appeals, Sequenom significantly self-expedited by filing its Consolidated Opening Brief 31 days sooner than the time allowed under the Court's Scheduling Order.  On December 23, 2013, in these appeals, the Court entered a Scheduling Order consolidating the three cases and directing Sequenom to file its consolidated opening brief within sixty days, that is by no later than February 21, 2014.  Sequenom filed its Consolidated Opening Brief on January 21, 2014.

Sequenom self-expedited its brief to ensure that when (as Sequenom expects) this Court again reverses the District Court, Sequenom's claims for infringement of U.S. Patent No. 6,258,540 ("the '540 patent") can be tried and vindicated as soon as possible.  The '540 patent expires in 2018.  More than two years have been consumed already in litigation whose progression the District Court has now twice derailed, again forcing Sequenom to seek this Court's review to get its claims back on-track.  The Appellees' Motion seeks to shunt Sequenom's rights into yet another holding yard.

3

For the reasons set forth in its Consolidated Opening Brief, Sequenom believes that the District Court erred again. The sooner that this Court can consider these appeals and reverse, the sooner Sequenom can proceed to a trial on the merits, win its infringement claims, and, in the relatively short remaining time left on the patent, gain the benefits of exclusivity the patent laws are designed to promote and protect.

The Appellees' Motion tries to minimize Sequenom's self-expediting actions by suggesting that the Consolidated Opening Brief was filed "eighty-three days from issuance of the appealed order." Motion at 4. The Appellees' math is selective and misleading. As the chronology of these appeals demonstrates, Sequenom has self-expedited at every opportunity.

In July 2012, after the District Court had denied Sequenom's motion for a preliminary injunction, Sequenom self-expedited its opening brief to this Court. In August 2013, this Court reversed in all respects, including vacating the District Court's Section 101 holding and remanding for further proceedings. *See Aria*, 726 F.3d at 1304. Ariosa then promptly moved for summary judgment on Section 101 grounds, and, in response, Sequenom cross-moved. On October 30, less than three months after the appellate remand, the District Court granted Ariosa's motion. Eight weeks after entry of final judgments, Sequenom's Consolidated Opening Brief was filed in this Court.

4

On November 20, the District Court entered final judgments in favor of Ariosa, Natera, and Verinata. On December 2, immediately after the Thanksgiving holiday and eighteen days sooner than the Rules allow, Sequenom filed its Notices of Appeal. On December 5, the same day this Court's Clerk docketed the appeals, Sequenom moved to consolidate the three appeals and to file a single consolidated brief. Within 29 days of this Court's December 23, 2013 Scheduling Order, Sequenom's brief was on file.

Following this Court's counsel, Sequenom has "significantly self-expedited the case by filing its briefs early." *Medeva*, 430 Fed. Appx. at 880. Accordingly, consistent with the Court's standard admonition in such situations, it should deny the Appellees any "extensions of time they may have been anticipating to file their briefs." *Id.*

### 2. Appellees Do Not Have Good Cause For A 60-Day Extension To File Their Opposition Brief.

None of the three reasons the Appellees claim for their protracted extension constitutes good cause.

**First**, the Appellees argue that they need much more "time to reach common positions and prose among multiple parties who are adversaries in active, related disputes." Motion at 2. The maxim is that many hands make *light* work, not, as the Appellees assert, *more* work — so much more work, apparently, that it requires an additional two months beyond the time the Federal Rules of Appellate

Procedure and this Court's Rules prescribe. Those Rules are deliberately structured to give *the appellant* fifty percent longer (60 days against 40 days) to file its opening brief than the Rules allow for the appellee to file its opposition. *See* Fed. Cir. R. 31(a). The Appellees here, however, would turn those Rules on their head by giving themselves *more than three times as long* as the Appellant Sequenom — 100 days against Sequenom's 29 days.

The District Court's opinion raises a single substantive issue and an inter-related evidentiary point, both of which can be briefed within the forty days that this Court's Rule 31(a)(2) allots to the Appellees. The Appellees do not claim that these appeals involve a large factual record or many novel legal questions. The core question — the scope of the judicial exceptions to Section 101 and when evidence of nonpreemptive alternative methods should be considered — is a discrete legal topic, implicating relatively few pertinent Supreme Court and Federal Circuit cases and only a handful of critical facts. The Appellees, especially Ariosa, are not starting from scratch: many aspects of whether the '540 patent is valid under Section 101 were researched and briefed previously in the 2012 preliminary injunction motion and appeal in this Court, and were litigated again in the cross-motions for summary judgment that led to these appeals. Moreover, presumably, the Appellees were already preparing their substantive opposition arguments while Sequenom was perfecting its appeals and drafting its Consolidated Opening Brief.

It is difficult to take seriously the Motion's assertion that the Appellees still do not know whether they are bonding together in opposition to Sequenom or each is going it alone.  The Appellees filed a joint opposition to Sequenom's motion for judicial notice, and have moved jointly for a 60-day extension. They have known for more than two months that Sequenom intended to file a consolidated brief.  *See* Sequenom's Motion To Consolidate Appeals at 3 (filed December 5, 2013).  As a condition of not opposing Sequenom's consolidation motion, each of the Appellees expressly reserved their right to file their own individual opposition brief, *id*., and this option remains available to them if there are unresolved problems about reaching "common positions and prose."  If the Appellees were to file three separate briefs, the Rules would give Sequenom fourteen days to respond to, potentially, 42,000 words of argument, a burden Sequenom would willingly shoulder.

**Second**, the Appellees argue that the Rule provides them with insufficient time to also include within their opposition brief their responses to two amicus curiae briefs supporting Sequenom's appeals.  Conforming to Federal Rule of Appellate Procedure 29(e), those amicus briefs were each filed seven days after Sequenom's Consolidated Opening Brief, leaving the Appellees the usual 33 days to research and draft responses to any distinct arguments raised in the amicus briefs.  In approving Rule 29(e), Congress determined that period to be sufficient time to respond to amicus briefs generally.  The Appellees (each of whom is

7

represented by a large law firm) offer no substantive reason why they cannot do what all others are expected to do. The existence of two timely-filed amicus briefs does not justify a 150 percent expansion of the Appellees' time to file an opposition to Sequenom's brief.

**Third**, the Appellees argue that responding to Sequenom's judicial notice motion required such time and attention that it is not possible to draft an opposition brief on the merits in forty days. That is nonsense. The many law firms representing the Appellees seem capable of managing their resources to handle a narrowly-circumscribed motion while working concurrently, as Sequenom did, on crafting their substantive brief. In any event, the Appellees' work on the judicial notice motion was over by February 3, 2014. *See* Fed. R. App. P. 27(a)(3)(A). That left the Appellees with another month in which their ample teams of lawyers can devote their full attention to finalizing the opposition brief on the merits.

The Appellees' extension motion imaginatively puffs up Sequenom's judicial notice motion and mischaracterizes it as an attempt to greatly expand the record before this Court. As explained in Sequenom's already-filed reply brief, the judicial notice motion's purpose and scope are much more modest. It is a "belt and suspenders" filing, asking for judicial notice to be taken for factual propositions that require only a citation to an authoritative external source.

The judicial notice motion requests that this Court take judicial notice of (i) the text of a patent cited in both this Court's *Myriad* decision and in the District

Court's opinion, and which is publicly available at the PTO's website, and (ii) certain bed-rock principles of basic molecular biology as set forth in standard scientific textbooks, several of which this Court has previously cited without requiring judicial notice. Whatever short-term attorney time the Appellees decided to devote to opposing this run-of-the-mill judicial notice motion, that cannot justify tacking two full months onto the Appellees' time to file their opposition brief on the merits.

The Appellees may have two other undisclosed reasons for delay, neither of which justifies a 60-day extension. First, the Biotechnology Industry Organization ("BIO") "is the world's largest biotechnology trade association," BIO Amicus Curiae Brief at 1, and BIO is supporting Sequenom's position in these appeals. *Id*. The Appellees may be looking to buy more time from this Court while they canvas for counterweights to BIO. Second, Verinata claims that Sequenom has infringed certain Verinata-owned patents. The longer that Sequenom's '540 patent counterclaims are tied up in these appeals, the clearer run Verinata may hope to have for its own infringement claims in the District Court.

For the reasons set forth above, the Court should deny the Appellees' motion for a 60-day extension of time to file its responding brief. The Court should allow Sequenom to achieve the intended benefit from significantly self-expediting at every stage of these appeals. The Court should direct the Appellees to file their briefs in accordance with Federal Circuit Rule 31(a)(2).

### 3.    Appellees' Accusations That Sequenom Delayed Some District Court Proceedings Are Wrong And Irrelevant.

The Appellees have dredged through the District Court proceedings and the hundreds of inter-party communications over the past two-plus years of sometimes-contentious litigation and come up with two incidents, more than a year apart, in which, according to the Appellees' view of the world, Sequenom allegedly acted dilatorily. Leaping the bounds of logic, the Appellees argue that these two alleged incidents show that the Appellees are entitled to another sixty days to put together their opposition brief in these appeals. The supposed delays never occurred. More to the point, however, even if they had happened, they are irrelevant to the merits of the Appellees' demand for a 60-day extension in this Court.

The Appellees' Motion first rewinds to November 2012 when Sequenom's appeal from the District Court's erroneous preliminary injunction decision was briefed and set for oral argument before this Court. Among the crucial issues before this Court on Sequenom's then-pending appeal was the correctness, or not, of the District Court's preliminary claim construction. *See Aria*, 726 F.3d at 1301-1303. In a case management submission, the three Appellees requested three different approaches, *see* Declaration of Edward Reines at Exhibit 1 at 4, while Sequenom asked the District Court to defer final claim construction pending this Court's decision. *Id.* The District Court followed Sequenom's suggestion. Nine

months later, this Court reversed each of the District Court's preliminary claim constructions. *Aria*, 726 F.3d at 1301-03. Subsequently, the District Court made final claim constructions consistent with this Court's opinion. The particular delay Sequenom sought was vindicated as appropriate and efficient. Had the District Court plowed ahead with the earlier claim construction briefings and hearings the Appellees demanded, judicial time and resources would have been wasted and the progress of the cases would have been retarded, not advanced.

The Appellees' other example of supposed Sequenom dilatoriness is equally meritless. In September 2013, shortly after this Court's reversal opinion was published, Sequenom urged the District Court to set an early trial on the merits for May 2014, and offered to forego its right to pursue a preliminary injunction in favor of a speedier trial and proceeding directly to a permanent and final injunction hearing. *See* Reines Declaration at Exhibit 2 at 2 ("Accordingly, Sequenom proposes a schedule that avoids further preliminary injunction proceedings and instead proceeds more directly to trial in May 2014."). Sequenom also noted that the PTAB's imminent Inter Partes Review decision would, however it came out, dramatically truncate the disputed issues to be litigated in the preliminary injunction motion, reinforcing the commonsense of skipping the motion entirely and instead proceeding directly to a prompt trial. *Id.* at 2-3. Rather than showing a "lack of diligence," as the Appellees argue, Motion at 5-6, Sequenom's efforts in

the District Court, as in these appeals, sought to expedite proceedings to get as soon as possible to a trial and a permanent injunction.

The parties' submissions to the District Court two years ago have no bearing on the schedule for briefing these appeals. They also provide no substitute for the absence of good cause in support of the 60-day extension the Appellees are now seeking. Sequenom has significantly self-expedited these appeals in the manner this Court encourages parties to do if they want expedited treatment from the Court. The Appellees have not shown why the Court should depart from its standard practice that no extension is granted to opponents of such a significantly self-expedited brief, much less that the Court should go further and allow the Appellees the whopping 60-day extension they ask for in their Motion.

For the reasons set forth above, the Court should deny the Appellees' motion for a 60-day extension of time to file their opposition brief.

Dated: February 10, 2014                Respectfully submitted,

                                         KAYE SCHOLER LLP
                                         MICHAEL J. MALECEK
                                         PETER E. ROOT

                                         _____ /s/ Michael J. Malecek_____
                                         Michael J. Malecek
                                         Attorneys for Defendants-Appellants
                                         SEQUENOM, INC.

## CERTIFICATE OF INTEREST

Counsel for Defendant/Counterclaim Plaintiff-Appellant Sequenom, Inc. certifies the following:

1. The full name of every party represented by us is:

   Sequenom, Inc.

2. The name of the real parties in interest (if the parties named in the caption are not the real parties in interest) represented by us are:

   None (the real party in interest is the party named in the caption).

3. All parent corporations and publicly held companies that own 10 percent or more of the stock of the parties represented by me are:

   None.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this court are:

   Michael J. Malecek
   Peter E. Root
   Stephen C. Holmes
   Aton Arbisser
   Gary Ross Allen
   Hanna Cohen
   Robert Estrin
   Lily Robinton
   KAYE SCHOLER LLP

Dated:  February 10, 2014                    _____/s/ Michael J. Malecek_____
                                             Michael J. Malecek
                                             *Attorney for Defendant/Counterclaim*
                                             *Plaintiff-Appellant*
                                             *Sequenom, Inc.*

## **PROOF OF SERVICE**

I declare under penalty of perjury that on February 10, 2014, I caused a copy of Appellant Sequenom's Opposition To Appellees' Motion For 60-Day Extension To File Opposition Brief to be served on the following counsel by the Court's ECF system:

David I. Gindler, Esq.
Andre Iancu, Esq.                         W. Paul Schuck, Esq.
Irell & Manella LLP                       Sony B. Barari, Esq.
1800 Avenue of the Stars                  Bartko, Zankel, Bunzel & Miller
Suite 900                                 One Embarcadero Center, Suite 800
Los Angeles, California  90067            San Francisco, California  94111

Edward R. Reines, Esq.
Derek C. Walter, Esq.
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, California  94065

Dated:  February 10, 2014              _____ */s/ Michael J. Malecek* _____
                                       Michael J. Malecek
                                       *Attorney for Defendant/Counterclaim*
                                       *Plaintiff-Appellant*
                                       *Sequenom, Inc.*