Appeal Nos. 2014-1139, -1142, -1144

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ARIOSA DIAGNOSTICS, INC., NATERA, INC., AND VERINATA HEALTH, INC.,
*Plaintiffs-Appellees*,

AND

DNA DIAGNOSTICS CENTER, INC.,
*Counterclaim Defendant-Appellee,*

AND

THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY
*Plaintiff*,

v.

SEQUENOM, INC., AND SEQUENOM CENTER FOR MOLECULAR MEDICINE, LLC,
*Defendants-Appellants*,

AND

ISIS INNOVATION LIMITED,
*Defendant.*

Appeal from the United States District Court
for the Northern District of California, Judge Susan Illston

## PLAINTIFFS-APPELLEES' REPLY ISO MOTION FOR EXTENSION OF TIME

Edward R. Reines
Derek C. Walter
Michele A. Gauger
Anant N. Pradhan
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel. (650) 802-3000
*Attorneys for Verinata Health Inc.*

W. Paul Schuck
BARTKO, ZANKEL, BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Tel. (415) 956-1900
*Attorneys for Natera, Inc. and DNA Diagnostics Center, Inc.*

David I. Gindler
Andrei Iancu
Amir Naini
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles CA 90067
Tel. (310) 277-1010
*Attorneys for Ariosa, Inc.*

# INTRODUCTION

Appellees have requested a 60-day extension to coordinate and respond to Sequenom's opening brief and at least two amicus briefs.  However, after enjoying ample time to prepare its own opening brief, Sequenom suddenly raises a cry of urgency and opposes Appellees' request.  Sequenom offers no compelling reason to deny the requested extension, particularly given the unique combination of circumstances establishing that there is good cause for an extension:

- Three industry competitors—two of whom are actively adverse in ongoing litigation—must coordinate on strategy and prose to consolidate their submissions to the extent practical on the important, high-profile issue of patentable subject matter.

- Appellees must respond not just to Sequenom's arguments, but to the additional arguments from two amici filed ***after*** Sequenom's brief.

- Appellees needed to divert resources to respond to Sequenom's extensive judicial notice motion (which seeks to belatedly enlarge the appellate record to encompass numerous technical contentions that should have been the subject of expert witness testimony below) and must address that belated record in case it is allowed.

Against this backdrop, Sequenom's lengthy opposition fails to identify ***any*** prejudice that would result from a modest extension to accommodate the foregoing circumstances.  Foremost, Sequenom does not submit any evidence or even argue that the requested extension will create cognizable harm.  As Appellees explained, Sequenom itself previously asked the district court to ***delay*** resolving its preliminary injunction motion against Ariosa until at least June 27, 2014, a fact

that belies any supposed urgency on Sequenom's part in this appeal. Then, after the district court invalidated Sequenom's patent on summary judgment, Sequenom waited 83 days to file its opening brief in this Court, a fact that undercuts Sequenom's purported effort to "self-expedite." Simply put, Sequenom's refusal to agree to an extension is unjustified and Appellees' request for an extension should be granted.

## ARGUMENT

### I. SEQUENOM HAS NO MEANINGFUL RESPONSE TO THE MULTIPLICITY OF CIRCUMSTANCES THAT MAKE AN EXTENSION APPROPRIATE

As Appellees explained in their opening brief, three circumstances combine to establish good cause for an extension. Sequenom has no meaningful response to any one of these circumstances, let alone the combination of all three.

First, with regard to the fact that the three Appellees will need to coordinate positions and prose, Sequenom responds with the "maxim" that "many hands make *light* work." Opp.5 (emphasis in original). Sequenom's platitude ignores reality. The three Appellees are industry competitors, and two are actively adverse to each other in ongoing district court and Patent Office proceedings—a complicating factor in any situation, but particularly here where Appellees are working to coordinate responses in this appeal with one hand while litigating against each other with the other hand. The participation of three teams of attorneys and four clients, dramatically increases the number of individuals who

must approve any joint submission by Appellees. In this case, therefore, many hands make complicated work, but work that accrues to the benefit of the Court and to Sequenom through coordinated and more streamlined responses. Because Sequenom puts forth no cost that might outweigh that benefit, good cause exists for the additional time to enable that coordination.

Moreover, while Sequenom suggests that this appeal does not involve "many novel legal questions," *see* Opp.6, the exact opposite is true. Patent eligibility under § 101 is an important topic that has been the subject of several recent Supreme Court decisions and to which Sequenom devotes no less than seventeen headings and subheadings in the "Argument" section of its brief alone. Appellees each have views on this precedent and its application in this case, which they are presently working to coordinate. Accomplishing this takes time.

Rather than allow a modest extension to facilitate the coordination of Appellees' efforts on this appeal, however, Sequenom suggests that Appellees should file "three separate briefs" encompassing "42,000 words of argument." Opp.7. Despite Sequenom's stated willingness to shoulder the burden of responding to such briefs, burdening the Court with "42,000 words of argument"— in addition to two amicus briefs—is not the better way to handle this case. Rather, the Court should allow an extension so that Appellees can coordinate to the fullest

3

extent possible, thus avoiding burying the Court in "42,000 words" of diverging argument.

Second, with regard to the fact that Appellees will need to respond to two amicus briefs, Sequenom does not dispute that this complicates the process and injects additional issues to which Appellees must respond. Sequenom simply argues that because it is *possible* for Appellees to respond in the allotted time, an extension of any length should not be permitted. *Id.* at 7-8. However, an extension requires only a showing of good cause. Appellees need not make the extraordinary showing that it will be *impossible* to respond absent an extension. Indeed, by merely pointing to the time in which responses would be due *absent* an extension, Sequenom has failed to rebut Appellees' showing of good cause and the extension should thus be granted.

Finally, as to Sequenom's judicial notice motion, Sequenom again does not dispute that its motion has complicated this appeal and diverted Appellees' resources. Instead, Sequenom attempts to downplay the burden on Appellees, labeling its motion as "narrowly circumscribed," "belt and suspenders," and "run-of-the-mill." Opp. 8-9. Sequenom even goes so far as to criticize Appellees for "imaginatively puff[ing] up" the scope of the motion. Sequenom's rhetoric is misplaced. *Id.* at 8. As Appellees explained in their motion for extension of time (Dkt. No. 43) and opposition to Sequenom's judicial notice motion (Dkt. No. 44),

4

Sequenom's judicial notice motion seeks to introduce eight different "facts" across three different technical areas based on information that Sequenom's attorneys distilled from 71 pages from seven different treatises and one patent. In essence, Sequenom's motion is an attempt to file a new expert report in the appellate court. It required careful attention from Appellees, in particular Verinata and Natera, who stipulated with Sequenom to an expedited appeal *in reliance* on the existing, publicly-available district court record. Moreover, even setting aside the time spent on that motion itself, the additional, belated "facts" will require procedural and substantive attention as Appellees respond on the merits, particularly as it is still unknown whether or not those facts will be part of the record in this appeal.

## II.   SEQUENOM WILL SUFFER NO PREJUDICE FROM AN EXTENSION

Although it took 11½ pages to respond to Appellees' routine request for an extension, Sequenom does not identify any prejudice that would result from granting that request. And certainly it presents no evidence of prejudice—even though measured by word count Sequenom invested substantial time and expense in the opposition. The following timeline demonstrates precisely why Sequenom cannot identify any such prejudice:

- On August 9, 2013, this Court remanded Sequenom's preliminary injunction motion against Ariosa for further consideration. *See* Dkt. No. 69 in 12-1531.
- On October 21, 2013, **Sequenom** filed a motion with the district court requesting that the hearing on its preliminary injunction motion be ***delayed*** until June 27, 2014. *See* Dkt. No. 43, Exh. 3.

5

- On October 30, 2013, the district court invalidated Sequenom's '540 patent. *See* Dkt. No. 30, Exh. 1.

- 83 days later, Sequenom filed its opening brief in this Court. *See* Dkt. No. 30.

Thus, after receiving a decision from this Court on its appeal of the denial of its preliminary injunction motion, Sequenom was content to wait almost a full year for the district court to even hold a hearing on the remand and was content to wait nearly three months to file its opening brief in this appeal. Although it attempts to downplay and confuse the facts, Sequenom misses the point: Sequenom has previously acted in a manner that belies the new-found urgency it raises in opposition to Appellees' request for a reasonable extension. Indeed, the facts reflect an unambiguous acknowledgment by Sequenom that there is no need for immediate relief—and certainly no reason to deny Appellees *any* extension. While Sequenom colorfully complains that Appellees are seeking a "whopping 60-day extension," such an extension is slight compared to the delays Sequenom actively sought in the district court. Furthermore, to be clear, it is not the ***length*** of the extension that Sequenom takes issue with. Rather, Sequenom unreasonably and unjustifiably opposes *any* extension whatsoever. Indeed, despite overtures from Appellees, Sequenom declined to enter meaningful negotiations regarding a stipulated extension of any significant length.

Sequenom makes much of its alleged "self-expediting" efforts, repeatedly noting that it filed its brief somewhat in advance of the regular deadline (albeit without alerting Appellees that it planned to do so). However, the most salient fact here is that Sequenom took 83 days to file its opening brief after the district court invalidated its patent on summary judgment. This lengthy delay is telling—far outweighing the extent of Sequenom's "self-expediting" efforts—and further establishes that Sequenom is not so in need of relief that Appellees should be denied any extension whatsoever.

In any event, it is not the case that an extension is prohibited because Sequenom decided to slightly expedite its brief somewhat following its 83-day delay. *See* Opp.12. Sequenom cites no case standing for this proposition. To the contrary, in each of the cases Sequenom cites, the appellant moved for expedited briefing, which Sequenom has not done here. And none of the cases Sequenom cites involve the extenuating circumstances identified above, which in and of themselves establish good cause for an extension. Moreover, Sequenom's complaint that an extension will somehow undo its "self-expediting efforts," *see* Opp.1-2, makes no sense. Any extension will be keyed off of the date on which Sequenom filed its brief (not the original due date), and will thus incorporate those

7

"efforts."[1]  Finally, Sequenom's focus on its "self-expediting" fails to account for and does not remedy the complicated circumstances of this appeal, discussed above.  Granting the requested extension accounts for those circumstances without undoing whatever time Sequenom might have saved by filing its brief in advance of the date it was due, thereby enabling an efficient and streamlined appeal.

## CONCLUSION

Sequenom's refusal to extend Appellees the courtesy of a reasonable extension—despite the multiplicity of circumstances that make such an extension appropriate—is unjustified.  Appellees respectfully request that the Court grant their motion for a 60-day extension of time, to and including May 5, 2014.

---

[1] Sequenom alleges that Appellees may have "undisclosed reasons" for seeking an extension, including a desire to drum up amici and, with respect to Verinata specifically, a desire to have a "clearer run" of its offensive case in ongoing district court litigation. Opp.9.  These allegations are pure speculation on Sequenom's part and lack any factual support.  Appellees' desire for an extension is based on the facts and circumstances presented herein and in its opening brief, not on "undisclosed reasons."

| | |
|---|---|
| Dated: February 14, 2014 | /s/ *Edward R. Reines* |

Edward R. Reines
Derek C. Walter
Michele A. Gauger
Anant N. Pradhan
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000
*Attorneys for Plaintiff-Appellee Verinata Health Inc.*


/s/ *W. Paul Schuck*

W. Paul Schuck
BARTKO, ZANKEL, BUNZEL & MILLER
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Tel. (415) 956-1900
*Attorneys for Plaintiff-Appellee Natera, Inc. and Counterclaim Defendant Appellee DNA Diagnostics Center, Inc.*


/s/ *David I. Gindler*

David I. Gindler
Andrei Iancu
Amir Naini
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles CA 90067
Tel. (310) 277-1010
*Attorneys for Plaintiff-Appellee Ariosa, Inc*

# CERTIFICATE OF INTEREST

Counsel for Plaintiff/Counterclaim Defendant-Appellee Verinata Health, Inc. certifies as follows:

1. The full name of every party or amicus represented by us is:

   Verinata Health, Inc.

2. The name of the real party in interest represented by us is:

   Verinata Health, Inc.

3. All parent corporations and any public companies that own 10 percent or more of the stock of the parties represented by us are:

   Formerly known as Artemis Health Inc., Verinata Health, Inc., is a wholly owned subsidiary of Illumina, Inc. Illumina, Inc., is traded under the symbol "ILMN."

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

   Edward R. Reines
   Derek C. Walter
   Michele A. Gauger
   Anant N. Pradhan
   Aaron Y. Huang
   WEIL, GOTSHAL & MANGES LLP

Dated: February 14, 2014           /s/ *Edward R. Reines*

# CERTIFICATE OF INTEREST

   Counsel for Plaintiff/Counterclaim Defendant-Appellee Natera, Inc. certifies as follows:

1. The full name of every party or amicus represented by us is:

   Appellee Natera, Inc. ("Natera")
   Appellee DNA Diagnostics Center, Inc. ("DDC")

2. The name of the real party in interest represented by us is:

   Not applicable.

3. All parent corporations and any public companies that own 10 percent or more of the stock of the parties represented by us are:

   Natera: none.

   DDC: Oaktree Capital Management, a publicly held company, owns 10 percent or more of DDC.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

| | |
|---|---|
| BARTKO ZANKEL BUNZEL & MILLER, P.C. (for Natera and DDC) William Paul Schuck Sony Barari | QUINN EMANUEL URQUHART & SULLIVAN, LLP (for Natera only) Charles K. Verhoeven Patrick Shields (withdrawn) Jennifer A. Kash Howard Chen |
| THOMAS WHITELAW LLP (withdrawn) (for Natera and DDC) Matthew W. Meskell (withdrawn) William Paul Schuck Sony Barari | |

Dated: February 14, 2014         /s/ *William Paul Schuck*

2

# **CERTIFICATE OF INTEREST**

Counsel for Plaintiff/Counterclaim Defendant-Appellee Ariosa Diagnostics, Inc. certifies as follows:

1. The full name of every party or amicus represented by us is:

    Ariosa Diagnostics, Inc.

2. The name of the real party in interest represented by us is:

    None

3. All parent corporations and any public companies that own 10 percent or more of the stock of the parties represented by us are:

    None

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

    IRELL & MANELLA LLP
    David I. Gindler
    Andrei Iancu
    Michael G. Ermer
    Amir Naini
    Lina F. Somait
    Jason W. Sullivan
    Katherine G. McKeon

    OBLON SPIVAK, MCCLELLAND, MAIER & NEUSTADT
    Greg H. Gardella
    Tia D. Fenton
    Michael L. Kiklis

    WOMBLE CARLYLE SANDRIDGE & RICE
    Barry J. Herman

Dated:  February 14, 2014     /s/ *David Gindler*

# CERTIFICATE OF SERVICE

I declare under penalty of perjury that on February 14, 2014, I served the foregoing via the Court's CM/ECF system on the principal attorneys for each party.

Dated:  February 14, 2014        /s/ *Irina Khait*
                                 Irina Khait
                                 Paralegal
                                 WEIL, GOTSHAL & MANGES LLP
                                 201 Redwood Shores Parkway
                                 Redwood Shores, CA  94065
                                 (650) 802-3000